```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KELLYANNE PARKER,

                    Plaintiff,                    MEMORANDUM AND ORDER
        -against-                                 Case No. 07-CV-28 (FB) (MLO)

NEW YORK STATE OFFICE OF MENTAL
HEALTH, PILGRIM PSYCHIATRIC CENTER,
and DOUGLAS CARBONARA, MARIANNE
MILLER, CAROLE ISASI, and MICHAEL
McCANN, in their official capacities and
individually,

                    Defendants.
------------------------------------------------------------x
```

*Appearances*
For the Plaintiff:
MATTHEW SCOTT PORGES, ESQ.
Leeds Morelli & Brown P.C.
One Old Country Road
Suite 347
Carle Place, NY 11514

For the Defendant:
ANDREW M. CUOMO, ESQ.
Attorney General of the State of New York
By: Jose Luis Velez, Esq.
120 Broadway
New York, NY 11027

**BLOCK, Senior District Judge:**

Kellyanne Parker ("Parker") brings this action alleging that the defendants discriminated against her on the basis of gender and retaliated against her for complaining of the discrimination. Parker asserts claims against the New York State Office of Mental Health ("OMH") and Pilgrim Psychiatric Center ("PPC") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and claims against the individual defendants

1

pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment.[1] The defendants have moved for summary judgment. Because there are factual issues that cannot be resolved as a matter of law regarding the retaliation claim, the motion is denied as to that claim. Because the defendants are entitled to judgment as a matter of law regarding the discrimination claims, the motion is granted as to those claims.

I. Standard of Review

"Summary judgment should be granted if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Blanch v. Koons*, 467 F.3d 244, 250 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(c)). There is a genuine dispute as to material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In the face of such a dispute on a summary judgment motion, the "facts must be viewed in the light most favorable to the nonmoving party . . . ." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2676 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

---

[1] The Complaint also asserted a § 1983 claim against OMH and PPC and a cause of action under the New York State Human Rights Law, N.Y. Exec. Law § 290-301, against the individual defendants. Parker has withdrawn these claims, *see* Pl.'s Mem. of Law in Opp'n to Summ. J. at 1, but has not withdrawn her § 1983 claims against the individual defendants. The defendants correctly argue that a § 1983 claim does not lie against the state of New York, including against state officials in their official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Parker's claims against the individual defendants in their official capacities must be dismissed inasmuch as she requests any relief other than injunctive or declaratory relief. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004) ("To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." (citing *Ex Parte Young*, 209 U.S. 123 (1908))).

2

## II. Title VII

### A. *Timeliness*

Because Parker's complaint with the New York Department of Human Rights ("NYDHR") was filed on February 24, 2005, only discrete acts of discrimination or retaliation happening on or after April 30, 2004 can form the basis for her current Title VII claim. *See Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII . . . a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts." (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2))).

### B. *Discrimination*

Sex discrimination claims are analyzed under the familiar *McDonnell Douglas* framework. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)). The defendants argue that Parker's Title VII discrimination claim should be dismissed because she has not adduced evidence that "the circumstances surrounding that action give rise to an inference of age discrimination." *Id.*

Parker's only evidence of a discrete act of discrimination against her subsequent to April 30, 2004, is her averment that the defendant Douglas Carbonara ("Carbonara") blocked her access to computer networks at PPC, preventing her from performing her duties. *See* Parker Aff. ¶ 31 ("Between January 2, 2005 and February 7, 2005, . . . I was . . . denied computer access rights . . . ."), ¶ 37 ("[I]n 2004, . . . Carbonara was

3

removing my access rights."). As evidenced by her deposition testimony, however, this allegation is mere speculation. *See* Parker Dep. 146 (stating, in response to question asking how she knew that Carbonara blocked her access, "Because [Carbonara and the employees in his office] were the only ones with the authority to do so unless — it is possible that there were people in Albany who would have had the ability to do this on Carbonara's, [Marianne] Miller's, [Carole] Isasi's, or Dean Weinstock's order."). At oral argument, plaintiff's counsel was given ample opportunity to direct the Court's attention to any evidence that Carbonara was the one who interfered with Parker's computer access; counsel was unable to do so. Since Parker cannot show a discrete act of discrimination occurring after April 30, 2004, her discrimination claim cannot survive summary judgment.

*C. Retaliation*

"To establish a prima facie case of . . . retaliation[ for opposition to discrimination], the plaintiff must show: (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *McMenemy v. City of Rochester*, 241 F.3d 279, 282-83 (2d Cir. 2001). An employee's internal complaint of discrimination for which the employee had a good faith basis constitutes protected activity, *see Raniola v. Bratton*, 243 F.3d 610, 624-25 (2d Cir. 2001) ("[Plaintiff's] internal . . . complaint . . . qualif[ies] as [an] activit[y] protected from retaliation by Title VII."); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999) ("[A] plaintiff need not establish that the conduct he opposed was actually a violation of the statute so long as he can establish

that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated that law.") (internal quotation marks and alteration omitted); therefore, the Court's dismissal of Parker's discrimination claim does not necessarily preclude her from establishing a prima facie case of retaliation, and the parties acknowledged at oral argument that they do not dispute that she had a good faith basis for her complaints.

Parker testified in her deposition that she complained of Carbonara's gender discrimination against her in a meeting in September of 2004 with Carbonara; Dr. Marianne Miller ("Miller"), her supervisor at the time; Michael McCann, the acting director of the Office of Diversity Planning and Compliance; and Dean Weinstock, the organization's executive director. The defendants dispute that gender discrimination was discussed at that meeting. It is undisputed, however, that she also filed an internal complaint at PPC on January 12, 2005, alleging that "Carbonara retaliated against her due to her alleged opposition to sexually discriminatory practices . . . ." Defs.' Rule 56.1 Statement ¶ 78.

Parker has averred that, later that same month, her desk was moved to a building that she has attested was in poor condition, with a broken window, leaks, mold on the walls, and raw sewage seeping into the basement. *See* Parker Aff. ¶ 24; Parker Dep. 136. The defendants agree that Parker's desk was moved and have not challenged her statements about the condition of the building. It is undisputed that in January and February of 2005, many of Parker's job responsibilities were taken away and her job description was revised;

although the defendants claim that these changes were temporary.[2]

These events satisfy the requisite adverse employment action to support a retaliation claim. *See Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006) (stating that, on a retaliation claim, an adverse employment action may be anything that "could well dissuade a reasonable worker from making or supporting a charge of discrimination"); *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002) ("[A]ctions such as negative employment evaluation letters may also be considered adverse."). They also suffice to satisfy the requisite causal connection, because the adverse actions closely followed Parker's protected activity. *See Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988) ("Proof of the causal connection can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.").

The defendants argue, however, that Parker was unable to finish her work on time and that her failure to do so constituted a legitimate, nondiscriminatory reason for any adverse actions. However, Parker has averred that she was performing her work on time except on those occasions when she was sabotaged by being denied computer access. *See* Parker Aff. ¶ 23 ("I produced all of my reports on time until I was kicked out of my office and the equipment and computer access I needed for my job was taken away."). Therefore,

---

[2] Parker also filed a retaliation complaint with the New York State Division of Human Rights ("NYDHR") on February 24, 2005. Miller was notified of this complaint on March 11, 2005. On March 15, 2005, Miller gave Parker her yearly performance evaluation; although she gave Parker a "satisfactory" rating, she also included negative comments describing occasions when Parker did not complete her work on time or at all.

6

there is a factual dispute as to how much of Parker's work was not completed on time as well as whether the defendants' alleged restriction of her computer access was the reason for any late or incomplete work from Parker.

**III. Section 1983 Claims**

Section 1983 provides a cause of action for violations of the Fourteenth Amendment; this obviously includes discrimination claims, but it does not include retaliation claims because "[r]etaliation for complaining of gender discrimination is not an Equal Protection clause violation." *Dotson v. City of Syracuse*, No. 5:04-CV-1388, 2009 WL 2176127, at *22 (N.D.N.Y. July 21, 2009) (citing *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1988) ("[W]e know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination.")). Parker's § 1983 retaliation claim must therefore be dismissed. In addition, since the analysis for Parker's § 1983 discrimination claims against the individual defendants involves the same *McDonnell Douglas* test discussed above regarding discrimination under Title VII, *see Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004), her § 1983 discrimination claims must also be dismissed.

## V. Conclusion

The defendants' motion is partially granted in that Parker's discrimination claims under Title VII and § 1983 are dismissed. The remainder of the defendants' motion is denied.

**SO ORDERED.**

s/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 29, 2009